IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRITTANI LENA MOUNT AND CHRISTY MICHELLE MOUNT, <br><br> PLAINTIFFS, <br><br> v. <br><br> JIMMIE L BRAYBOY, JR. <br><br> DEFENDANT. | ) ) ) ) ) ) **CIVIL ACTION NO.:** ) ) **JURY DEMAND** ) ) ) ) ) |

# COMPLAINT

**I.     Jurisdiction and Venue**

1. This action arises under the Fourteenth Amendment to the United States Constitution and under federal law, including 28 USC §2201 and 42 USC §§1983 and 1988.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in the Middle District of Alabama because the injuries complained of occurred within this district consistent with 28 U.S.C. §1391(b).

**II.    Parties**

4.      The Decedent, Christopher Mount, was an inmate in the custody of the Alabama Department of Corrections, housed at the Easterling Correctional Facility located in Barbour County, Alabama.

5.      Plaintiffs Brittani Lena Mount and Christy Michelle Mount are the Administrators of the Decedent's Estate.

6.      The Defendant, Jimmie L. Brayboy, Jr. was a corrections officer employed by the Alabama Department of Corrections at the time of the events set forth in this complaint. At all times relevant to this action, Brayboy was acting under color of law.

### III. Statement of Facts

7.      At the time of his death on May 10, 2023, the Decedent, Christopher Mount, had served nearly seventeen years out of a thirty-year sentence for crimes related to substance abuse.

8.      Mount, 44, had maintained relationships with his children while behind bars, and had worked to rehabilitate himself in the hope of eventually obtaining his release.

9.      However, in 2021, Mount was denied parole for the second time. Thereafter, his mental health began to decline.

10.     On May 10, 2023, Mount was on "suicide watch" at Easterling.

11.     Mount was housed in a segregation cell in B dorm on May 10, 2023.

12. William Lynn Smith was placed in the same segregation cell with Mount.

13. Smith was serving a thirty-seven-year sentence for the 2017 strangulation murder of a woman in Cullman County, Alabama.

14. As a matter of policy, inmates placed in a segregation cell are to be monitored continually by corrections officers to ensure the inmates' safety.

15. Defendant Brayboy was the corrections officer on duty in B unit on May 10, 2023.

16. On May 10, 2023, Smith warned Brayboy that he, Smith, or Mount needed to be moved from the segregation cell, and that if this did not happen, he, Smith, would kill Mount.

17. Brayboy knew that Smith had the capacity to carry out his warning that he would kill Mount if the two were left together in the segregation cell.

18. Brayboy did not remove Mount or Smith from the segregation cell and instead walked away, leaving the two inmates together in the cell.

19. After Brayboy disregarded Smith's warning, Smith attacked Mount.

20. For many minutes, Smith violently assaulted Mount and eventually strangled him to death without intervention from Brayboy.

21. Brayboy became aware of the ongoing assault at a time when he had the opportunity to intervene and stop the assault prior to Mount's death.

22. While Smith was assaulting Mount, Brayboy failed to intervene to get help for Mount, failed to protect Mount from Smith, and failed to stop the assault.

23. Mount was eventually taken to the infirmary and declared dead on May 10, 2023, as a result of Brayboy's deliberate indifference to the risk that Smith would assault and kill Mount, just as Smith had warned Brayboy that he would do.

**IV.  Cause of Action – Deliberate Indifference to Substantial Risk of Serious Harm, Eighth Amendment to the United States Constitution via 42 USC §1983.**

24. As stated above, Brayboy was a corrections officer assigned to B unit, where Smith and Mount were housed together in a segregation cell on May 10, 2023.

25. At all times relevant to this action, Brayboy was acting under color of law.

26. Brayboy had actual knowledge of a substantial risk of serious harm to Mount, as Smith warned Brayboy that he would kill Mount if Brayboy did not remove one of them from the segregation cell, and Brayboy knew that Smith had the ability to carry out the warning.

27. Brayboy consciously disregarded the substantial risk of serious harm to Mount when he disregarded Smith's warning, when he left Mount and Smith together in the cell, when he failed to monitor them after Smith's warning, when he failed to protect Mount from Smith, and when he failed to stop Smith's assault.

28.     Mount's injuries and death were the direct and proximate result of Brayboy's deliberate indifference and his conscious disregard of the serious risk of harm to Mount.

## V.     Request for Relief

Plaintiffs seeks the following relief:

Award judgment in their favor against Defendant in an amount to be determined by the jury for compensatory damages; award punitive damages against Defendant sufficient to punish him and to deter further wrongdoing; award Plaintiffs reasonable attorney's fees and costs pursuant to 42 USC §1988; award Plaintiffs all litigation expenses, costs, and pre-judgment and post-judgment interest at the maximum daily interest rate allowable by law; and such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: November 8, 2023

Respectfully submitted,

*/s/ Jon C. Goldfarb*
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile: (205) 254-1500
jcg@wigginschilds.com
wsmith@wigginschilds.com
cmalmat@wigginschilds.com